**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CARRASCAL, RHONDA BURTON, and THAWEESAP UTTHO,<br><br>Plaintiffs,<br><br>v.<br><br>AVI-BEN ABRAHAM, JR., and TIKI BELKIN<br><br>Defendants. | No. 3:16-cv-03284 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |

In their initial complaint, Plaintiffs brought claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act ("Title VII"), and the Equal Pay Act of 1963. See Compl. (dkt. 1) at 2–9. As the Court informed them at the November 18, 2016 hearing, those statutes apply only to certain employers. The ADEA applies only to employers with twenty or more employees. 29 U.S.C. § 630(b). The ADA and Title VII apply only to employers with fifteen or more employees. 42 U.S.C. § 12111(5)(A); 42 U.S.C. § 2000e(b). The Equal Pay Act applies only to enterprises "whose annual gross" income "is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). The complaint contained no allegations that Defendants met those requirements, and so the Court dismissed it for lack of subject-matter jurisdiction but granted leave to amend. See Minute Entry (dkt. 30).

Plaintiffs have again failed to allege that Defendants meet any of those statutory requirements in their amended complaint or in their opposition to the motion to dismiss. See generally FAC (dkt. 33); Opp'n (dkt. 36). That makes sense, as the allegations then and now

concern an employment dispute between a man and his former caretakers.[1] That being so, it is clear that further amendment cannot cure the complaint's jurisdictional defects without contradicting the original allegations. See Reddy v. Litton Indus., 912 F.2d 291, 296 (9th Cir. 1990). The Court therefore "must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added); see also FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction."). The case is therefore DISMISSED WITH PREJUDICE as to all defendants for lack of subject-matter jurisdiction. Plaintiffs' claims might have merit, but they may not bring them in federal court. Instead, they must bring them in state court.[2]

Plaintiffs also ask the Court to recuse because, in their words, it is "not going to be fair," it "ignored" two of their motions, and it belongs "to the American Jewish Heritage, a monolithic powerful community that controls everything in the U.S.A." FAC at 11–12. The request is DENIED. None of Plaintiffs' allegations suggest that the Court's "impartiality might reasonably be questioned." Clemens v. United States Dist. Ct., 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks omitted); see also United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (noting that this standard applies for recusal under both 28 U.S.C. § 144 and 28 U.S.C. § 455). And where "there is no legitimate reason to recuse," the Court has a "strong duty" not to step aside. Clemens, 428 F.3d at 1179 (quoting United States v. Cooley, 1 F.3d 985, 996 (10th Cir. 1993)).

**IT IS SO ORDERED.**

Dated: March 10, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs also allege that the man's sister, Defendant Tiki Belkin, had arranged their work schedules. See FAC at 3. She moved to dismiss the original complaint as well as the first amended complaint. See MTD Compl. (dkt. 12); MTD FAC (dkt. 34). Because the Court has determined that it does not have subject matter jurisdiction, it need not address whether Ms. Belkin is a proper defendant.

[2] The state courthouse in San Francisco is located at 400 McAllister Street.